SUPERIOR COURT
OF THE

**MARTIN B. O'CONNOR**
*COMMISSIONER*

**LEONARD L. WILLIAMS JUSTICE CENTER**
**500 NORTH KING STREET, SUITE 10400**
**WILMINGTON, DELAWARE 19801-3733**
**TELEPHONE: (302) 255-0661**

October 2, 2025

Thomas Hollingsworth
SBI # 00318086
James T. Vaughn Correctional Institution
1181 Paddock Road
Smyrna, DE 19977

> **Re:** ***Thomas Hollingsworth v. State of Delaware***
> **Motion for Postconviction Relief**
> **Case No. 1703020039**

Dear Mr. Hollingsworth:

On June 30, 2025, this Court received a Motion for Postconviction Relief ("Motion") you filed in the above-referenced case.[1] On October 18, 2018 you entered a guilty plea to two counts of Murder Second Degree and one count of Possession of a Firearm During the Commission of a Felony.[2] On March 15, 2019, this Court sentenced you to an aggregate sentence of 68 years Level V, suspended after serving 48 years, followed by probation supervision.[3] You did not appeal your conviction or sentence, but have filed at least three motions for sentence modification, all of which have been denied.[4]

In the motion for postconviction relief, you present three claims. First, you argue a violation of your right to due process – specifically that you were "sentenced on materially false and misleading information."[5] Second, you claim the prosecutor

---

[1] Docket Item ("D.I.") 30.
[2] D.I. 21.
[3] D.I. 22.
[4] *See* D.I. 25, June 6, 2019 Order denying motion for sentence reduction; D.I. 27, January 25, 2021 Order denying second motion for sentence reduction; and D.I. 29, Order denying motion for correction of illegal sentence.
[5] D.I. 30, p. 3.

1

presented "uncharged, inflammatory conduct at sentencing," where he introduced a prejudicial statement from your girlfriend alleging you "killed a cat [the] day prior [to the homicide]."[6] Third, you assert this Court relied on "false and unsubstantiated information to determine [your] sentence."[7] Finally, you contend "these constitutional violations undermine[d] the fundamental fairness, reliability and integrity of the proceedings, satisfying [Superior Court Criminal] Rule 61(i)(5)'s standard for miscarriage of justice."[8]

Before considering the merit(s) of any postconviction relief motion, this Court must first apply Superior Court Criminal Rule ("Rule") 61's procedural bars. A motion for postconviction relief can be procedurally barred as untimely filed, repetitive, formerly adjudicated, or procedurally defaulted.[9] The bars to relief also do not apply to a defendant who has been convicted after a trial and pleads with particularity: (a) that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (b) that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[10] Upon consideration of your Motion, it is apparent your claims are procedurally barred.

Pursuant to Rule 61(i)(1), a motion for postconviction relief must be filed no more than one year after the judgment of conviction is final.[11] Because you entered a guilty plea and did not appeal the conviction and sentence, the judgment of conviction was final thirty days after this Court imposed sentence, on April 15, 2019. Your Motion is procedurally barred as untimely filed by more than six years.

Second, Rule 61(i)(3) prohibits the filing of "any ground for relief not asserted in the proceedings leading to the judgment of conviction . . . unless the movant shows (A) cause for relief from the procedural default, or (B) prejudice from a violation of the movant's rights."[12] You did not raise any of the three claims asserted in your

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Washington*, 2021 WL 5232259, at *4.
[10] Super. Ct. Crim. R. 61(i)(5), *citing* Super. Ct. Crim. R. 61(d)(2).
[11] Super. Ct. Crim. R. 61(i)(1).
[12] Super. Ct. Crim. R. 61(i)(3).

postconviction motion in the proceedings leading to the judgment of conviction, so they are procedurally barred for this second, independent reason.

Finally, to the extent you assert the Motion is not procedurally barred because it meets Rule 61(i)(5)'s standard for demonstrating a "miscarriage of justice," the "miscarriage of justice" analysis was eliminated when Rule 61(i)(5) was amended on June 4, 2014.[13] It is well established that this Court is required to apply the version of Criminal Rule 61 that was in effect at the time of a defendant's filing of a postconviction motion.[14] According to the version of Rule 61(i)(5) in effect when the present Motion was filed, to avoid the application of the procedural bars stated in Rule 61(i)(1)-(4) you are required to assert, *after having been convicted after a trial*, that this Court lacked jurisdiction, or a claim that satisfies the pleading requirements of Rule 61(d)(2)(i)-(ii).[15] Because you entered a guilty plea, you are ineligible to apply Rule 61(i)(5) as a basis to excuse your claims from the procedural bars noted *supra*.[16]

As the postconviction claims are procedurally barred, I will not address the merit(s) of the claims.[17] It is worth noting, however, that Rule 61 requires you to submit to this Court any "ground that is *a sufficient factual and legal basis* for a collateral attack upon a criminal conviction," and you must "set forth in summary form *the facts supporting each of the grounds this specified*." Your Motion fails to provide the requisite factual background, at least in claims one and three, to assert valid postconviction claims.[18]

---

[13] *See Jones v. State*, 2015 WL 6746873, at *1 (Del. Nov. 4, 2015).

[14] *State v. Jones*, 2016 WL 7338591, at *4 (Del. Super. Ct. Dec. 16, 2016) (*citing Younger v. State*, 580 A.2d 552, 554 (Del. 1990)), *aff'd Jones v. State*, 2017 WL 4535974, at *1 (Del. Oct. 10, 2017).

[15] Super. Ct. Crim. R. 61(i)(5).

[16] Rule 61(d)(2) provides, in pertinent part: A second or subsequent motion under this rule shall be summarily dismissed, **unless the movant was convicted after a trial** and the motion either:
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent-in-fact of the acts underlying the charges of which he was convicted; or
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

[17] *See State v. Johnson*, 2025 WL 883031, at *2 (Del. Super. Ct. Mar. 20, 2025).

[18] *See generally* Super. Ct. Crim. R. 61(a)(1) and Super. Ct. Crim. R. 61(b)(2).

3

Based upon a review of the record and the Motion, I recommend that your Motion for Postconviction Relief be **SUMMARILY DISMISSED** as procedurally barred.

**IT IS SO RECOMMENDED.**

/s/ Martin B. O'Connor
Martin B. O'Connor
Commissioner

Cc: Prothonotary
Abigail Rodgers, State Prosecutor